### Mark LOTRING

v.

### Mark PHILBROOK.

#### No. 96–0231–Appeal.

Supreme Court of Rhode Island.

Oct. 30, 1997.

Paul A. Lancia, Providence.

David E. Revens, Kathleen Wyllie, Warwick.

#### ORDER

This case came before a panel of this court on October 21, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The plaintiff appeals from the trial justice's dismissal of his complaint alleging negligent and intentional affliction of emotional distress.

After hearing oral arguments and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the issues will be summarily decided.

This case arises due to a seven month long adulterous affair between the plaintiff's wife and the defendant. As a result of this affair, the plaintiff filed for divorce from his wife and began suffering emotional distress. On November 16, 1995, plaintiff filed a complaint in Washington County Superior Court alleging both negligent and intentional affliction of emotional distress and seeking $1,000,-000.00 in compensatory damages as well as additional punitive damages. Upon defendant's motion pursuant to Super.R.Civ.P. 12(b)(6), the trial justice dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted. The plaintiff now appeals.

In essence, the plaintiff is attempting to sue for the torts of alienation of affection, criminal conversation, and seduction. Those causes of action, however, were abolished by the General Assembly in 1985 with the enactment of G.L.1956 § 9–1–42.[1] In order to avoid the statutory demise of these causes of action, the plaintiff has simply disguised them as claims for negligent and intentional infliction of emotional distress. This type of artful pleading, however, cannot undo an act of the General Assembly. An adulterous affair no longer supports any cause of action against the interloper in Rhode Island. Therefore, the plaintiff's complaint does indeed fail to state a claim upon which relief can be granted.

For the foregoing reason, we deny and dismiss the plaintiff's appeal. The order of dismissal appealed from is affirmed and the papers in this case may be remanded to the Superior Court.

FLANDERS and GOLDBERG, JJ., did not participate.

---

1. § 9–1–42. Causes of action abolished. No civil action shall be commenced or prosecuted for alienation of affection, criminal conversation or seduction, and said causes of action are hereby abolished.